**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| NATHAN REARDON,<br><br>　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　Defendant. | No. 2:25-cv-00657-JAW |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's order dated June 1, 2026, Defendant, the Federal Bureau of Prisons ("Defendant" or "BOP"), hereby respectfully submits this Status Report in the above-captioned matter:

1.  On March 31, 2025, Defendant received a FOIA request for certain BOP records. Answer, Dkt. #13 ¶ 6.  The Request was for records "relating to Pharos House, a federal halfway house located in Portland, Maine." Complaint, Dkt. #4 ¶ 1.

2.  On December 30, 2025, Plaintiff filed the present action, arguing, *inter alia*, that BOP "has failed to provide any responsive records" and "failed to justify any withholding." *Id*. ¶ 2.

3.  BOP answered Plaintiff's Complaint on April 1, 2026, Dkt. #14, and the Court entered a proposed scheduling order the next day, Dkt. #16.

4.  BOP and Plaintiff both objected to the scheduling order, *see* Dkts. #17 & 18, and the Court granted BOP's objection and denied Plaintiff's in an order dated June 1, 2026, Dkt. 19 (the "Order").

5.  In the Order, the Court directed BOP to produce documents to Plaintiff, and also ordered BOP to file "status report with proposed next steps by July 22, 2026." *Id*.

6.  BOP has completed production of responsive documents to Plaintiff.

7.  Pursuant to the FOIA, 5 U.S.C. § 552, certain records were redacted or withheld in full from disclosure to Plaintiff under the following exemptions:

   a.  5 U.S.C. § 552(b)(6) concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties;

   b.  5 U.S.C. § 552(b)(7)(C) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

   c.  5 U.S.C. § 552(b)(7)(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

   d.  5 U.S.C. § 552(b)(7)(F) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

8.  Additionally, certain other records that Plaintiff requested were not "Agency Records," and therefore were not produced to Plaintiff.

9.  Though BOP does not believe that further detail on redactions or withholding of documents is necessary, BOP recommends that Plaintiff be afforded a reasonable amount of time to review the produced material and identify to BOP any documents for which he seeks clarification regarding redaction or withholding from disclosure.

Dated: July 22, 2026                    Respectfully Submitted,


                                        ANDREW B. BENSON
                                        UNITED STATES ATTORNEY

                             By:    */s/ James D. Concannon*
                                        James D. Concannon
                                        Assistant U.S. Attorney
                                        100 Middle Street
                                        East Tower, 6th Floor
                                        Portland, ME 04101
                                        (207) 780-3257
                                        james.concannon@usdoj.gov

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, I electronically filed the foregoing using the CM/ECF system. Additionally, I caused a copy of the foregoing to be sent to the below:

NATHAN REARDON
P.O. Box 52
Detroit, ME 04929


ANDREW B. BENSON
UNITED STATES ATTORNEY

By:   */s/ James D. Concanon*
James D. Concannon
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
james.concannon@usdoj.gov

4